**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00085-FDW-DCK**

| | |
|---|---|
| RONALD PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| AMERICAN STRATEGIC INSURANCE ) | |
| CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss Amended Complaint. (Doc. No. 10). Alternatively, Defendant moves the Court to Stay the pending action and compel the Parties to complete the appraisal process contemplated by the insurance policy underlying this dispute. (Doc. No. 6-1). For the reasons stated below, Defendant's Motion to Dismiss is **DENIED,** and Defendant's Motion to Stay pending completion of the appraisal process is **GRANTED**.

It is well established that a "federal court, sitting in North Carolina in a diversity case, must apply the law as announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule." Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir. 1974). North Carolina law provides that "an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto." Gaston County Dyeing Machine Co. v. Northfield Ins. Co., 351 N.C. 293, 299 (2000) (internal citations omitted). By including policy provisions in accordance with N.C. Gen. Stat § 58-44-16(f)(14), North Carolina permits the parties to an insurance policy to make participation in an appraisal process a condition precedent to suit. See Patel v. Scottsdale Ins. Co., 221 N.C. App. 476, 483-84 (2012).

1

When a litigant initiates a civil suit before the appraisal prerequisite is satisfied, North Carolina courts stay further proceedings until the appraisal process is complete. Id.; see also Elmore v. Auto Owners Ins. Co., 2:12-cv-67 (Doc. No. 7).

Plaintiff argues this remedy is inappropriate here because the "Special Provisions" section of the policy at issue contains language extraneous to N.C. Gen. Stat § 58-44-16(f)(14). (Doc. No. 15). Specifically, Plaintiff takes issue with Defendant's reservation of "the right to deny the claim" even if an appraisal is completed. (Doc. No. 6-1, p. 32). Plaintiff states that this reservation gives Defendant the "right to unilaterally reject and cancel the appraisers' determination." Plaintiff concludes that this renders the appraisal provision unconscionable. (Doc. No. 15).

However, Plaintiff's brief fails to address the fact that the North Carolina Supreme Court found an identical appraisal provision[1] enforceable and wholly consonant with N.C. Gen. Stat. § § 58-44-16(f)(14). See North Carolina Farm Bureau Mut. Ins. Co. v. Sadler, 365 N.C. 178, 182 (2011) (reversing summary judgment for the insured because the insurance policy's appraisal process was limited to determination of the amount of loss and was not intended to interpret the amount of coverage or resolve a coverage dispute). The Court is aware of no contrary decision on point. At a minimum, therefore, it "appears the highest court of [North Carolina] would rule" that the disputed provision is enforceable. Brendle, 505 F.2d at 245. Applying that law to the facts before it, the Court must afford the remedy prescribed by the North Carolina Court of Appeals; that is, staying this action and compelling participation in the appraisal process according to the policy's provisions.

---

[1] "In no event will an appraisal be used for the purpose of interpreting any policy provision, determining causation or determining whether any item or loss is covered under this policy. If there is an appraisal, we still retain the right to deny the claim." North Carolina Farm Bureau Mut. Ins. Co. v. Sadler, 365 N.C. 178, 182 (2011); compare, with 6-1, p. 32.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss Amended Complaint (Doc. No. 10) is **DENIED,** and Defendant's Motion to Stay and Compel Appraisal is **GRANTED**.

IT IS FURTHER ORDERED that the appraisal process will proceed according to the terms of Policy Number NCA18406.

IT IS FURTHER ORDERED that the parties will submit to the Court a Joint Status Report on the appraisal process within sixty (60) days from the date of this Order.

IT IS FURTHER ORDERED that the parties complete the appraisal process in its entirety within ninety (90) days from the date of this Order.

**IT IS SO ORDERED.**

Signed: June 1, 2016

Frank D. Whitney
Chief United States District Judge